# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ANETRA LEWIS,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 20-00468-KD-B |
| | * |
| **KILOLO KIJAKAZI,** | * |
| Acting Commissioner of | * |
| Social Security, | * |
| | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Anetra Lewis's Application for Attorney Fees under the Equal Access to Justice Act (Doc. 24). The application has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of the pertinent pleadings, the undersigned finds that Plaintiff's application is due to be **GRANTED in part,** and that Plaintiff is entitled to a reasonable attorney's fee award in the amount of **$1,839.30** under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), for legal services rendered by her attorney in this Court.

## I. BACKGROUND

Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her applications for a

period of disability, disability insurance benefits, and supplemental security income. (Doc. 1). On June 23, 2021, Defendant filed an unopposed motion requesting that the Court remand this action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 20). After the undersigned recommended that Defendant's remand motion be granted (Doc. 21), the Court entered an order and judgment dated July 12, 2021, reversing and remanding this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docs. 22, 23).

Plaintiff, as the prevailing party, timely filed the instant application requesting attorney's fees under the EAJA in the amount of $1,839.30. (Doc. 24). Defendant filed a response, stating that the Commissioner does not oppose Plaintiff's application, provided that this is the only petition filed by Plaintiff in this case under the EAJA. (Doc. 26). Plaintiff's application is now ripe for review.

## II. DISCUSSION

### A. Hourly Rate.

The EAJA "establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." Meyer v. Sullivan, 958 F.2d 1029, 1033 (11th

Cir. 1992). The first step "is to determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.'" Id. (quoting Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)). The second step, which is required only if the market rate exceeds the statutory cap of $125 per hour, is for the Court to determine whether to "adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor." Id. at 1033-34.

In Lucy v. Astrue, 2007 U.S. Dist. LEXIS 97094 (S.D. Ala. July 5, 2007), this Court adopted the following formula, based on the Consumer Price Index ("CPI"), for use in calculating all future awards of attorney's fees under the EAJA: "($ 125/hour) x (CPI-U Annual Average 'All Items Index', South Urban, for month and year of temporal midpoint)/152.4, where 152.4 equals the CPI-U [for South Urban] of March 1996, the month and year in which the $ 125 cap was enacted." Id. at *13 (quotation omitted). The "temporal midpoint" is calculated by counting the number of days from the date that the claim was filed to the date of the Magistrate or District Judge's order and judgment. Id. at *5-6.

In this case, Plaintiff's complaint was filed on September 22, 2020, and the order and judgment reversing and remanding this

3

action were entered on July 12, 2021. (See Docs. 1, 22, 23). Thus, the temporal midpoint falls in February 2021. The relevant South Urban CPI-U for February 2021 was 253.386. Applying the Lucy formula in this case ($125 x 253.386/152.4) yields an hourly rate of $207.83. Plaintiff requests the hourly rate of $207.83 (Doc. 24 at 1), and the undersigned finds the requested hourly rate to be reasonable and the appropriate hourly rate in this case.

**B. Hours Expended.**

With regard to the reasonableness of the hours claimed by Plaintiff's attorney, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303. "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." Id. at 1306. Courts should exclude from the fee calculation hours that were not reasonably expended, including "hours that are excessive, redundant, or otherwise unnecessary[.]" Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). "The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent

judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303 (quotation omitted).

In this case, the undersigned finds that the requested number of hours, 8.85, is a reasonable number of hours for attorney time expended representing Plaintiff in federal court. Plaintiff has attached to the motion a time sheet containing descriptions of work performed, the time expended, and the dates on which the work was performed. (Doc. 24-1). The undersigned has reviewed this document and has considered the circumstances presented, as well as the usual number of hours billed by attorneys in similar actions. See, e.g., Clausell v. Astrue, 2012 U.S. Dist. LEXIS 167856, at *7, 2012 WL 5933025, at *2 (S.D. Ala. Nov. 27, 2012) (awarding attorney fees under the EAJA and finding 19.2 hours of attorney time in a Social Security case to be reasonable); Carter v. Astrue, 2012 U.S. Dist. LEXIS 132089, at *4-5, 2012 WL 4077289, at *2 (M.D. Fla. Sept. 17, 2012) (finding fourteen hours of attorney time in a Social Security case to be reasonable). Thus, considering 8.85 hours of work performed at a rate of $207.83 per hour, the undersigned finds that Plaintiff is entitled to attorney's fees in the amount of $1,839.30 under the EAJA.

## III. CONCLUSION

Upon consideration of the pertinent pleadings, the undersigned **RECOMMENDS** that Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 24) be **GRANTED in part**,[1] and that Plaintiff be awarded reasonable attorney's fees in the amount of **$1,839.30** under the EAJA for legal services rendered by her attorney in this Court.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

---

[1] To the extent Plaintiff's application requests that the fees be awarded directly to counsel, the undersigned recommends that this request be **DENIED.** The Supreme Court has held that an EAJA fee award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Astrue v. Ratliff, 560 U.S. 586, 589 (2010). "In light of Ratliff, [the best] practice [is] to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award. The Court leaves it to the discretion of the Commissioner to determine whether to honor [any] assignment of EAJA fees." Napier v. Colvin, 2014 U.S. Dist. LEXIS 89291, at *3 n.1, 2014 WL 2960976, at *1 n.1 (S.D. Ala. July 1, 2014) (quoting Varner v. Astrue, 2011 U.S. Dist. LEXIS 74392, at *6-7, 2011 WL 2682131, at *2 (M.D. Fla. July 11, 2011)); Blackwell v. Colvin, 2015 U.S. Dist. LEXIS 23070, at *8-9 n.4, 2015 WL 846423, at *3 n.4 (S.D. Ala. Feb. 26, 2015) (same).

written objections with the Clerk of this Court.  See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **3rd** day of **September, 2021.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**