IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANETRA LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:20-00468-KD-B |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Plaintiff Anetra Lewis' motion for attorney fees pursuant to 42 U.S.C. § 406(b) with documents in support (doc. 30) and the United States' response (doc. 31).

I. Procedural history

In 2020, Lewis entered into a contingency fee agreement for representation before the Social Security Administration (doc. 30-1). She agreed that counsel would receive 25% of past-due benefits if successful. Her claim for Social Security Disability Insurance Benefits and Supplemental Security Income was unsuccessful. She filed a complaint seeking judicial review of the Commissioner of Social Security's decision denying her benefits (doc. 1). In July 2021, the Court reversed the Commissioner's decision and remanded this action for further proceedings (docs. 22, 23, Order and Judgment). In September 2021, Lewis' motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA) was granted in part[1] and Lewis was awarded $1,839.30 as attorney fees (docs. 28, 29, Order and Judgment; doc. 30-4). On remand, Lewis

---

[1] The Court denied Lewis' motion that the Court award the EAJA fee direct to her counsel (doc. 27, p. 6).

received a fully favorable award and past-due benefits (doc. 30-3). The Social Security Administration awarded counsel $7,200.00 as an attorney fee.

II. Analysis

Lewis' counsel now moves the Court to award an attorney fee of twenty-five (25%) of the past due benefits as agreed in the contingency fee agreement (doc. 30). According to counsel, calculating twenty-five (25%) percent of Lewis' past due benefits yields an attorney fee of $12,520.50. Subtracting the $7,200.00 SSA award and the $1,839.30 EAJA award from $12,520.50 yields a balance of $3,481.20.

Counsel argues that the contingent fee requested is a reasonable attorney fee when certain factors are considered (doc. 30-6). Specifically, factors such as counsel's acceptance of the risk of no recovery, counsel's experience and skill of counsel, the absence of delay, fraud or ineffectiveness of counsel or a large windfall to counsel, and the fact that the parties entered into a contingent fee agreement. Counsel also argues that the lodestar method does not apply in the context of attorney fees for Social Security claims and therefore, determining a reasonable hourly rate or reasonable hours expended is not necessary or appropriate. Counsel points out that because of his skill and experience he spent less hours (doc. 30-5) than a less-experienced attorney; however, he overcame the legal and factual obstacles and obtained a fully favorable award and past-due benefits. Counsel also asserts that if his fee were expressed by an hourly rate, that rate may be higher than expected in non-contingent fee cases but that reflects the risk involved.

Defendant O'Malley "takes no position" on the award of attorney fees (doc. 31). However, O'Malley asserts that when an attorney receives fees under both the EAJA and 42 U.S.C. § 406(b), the attorney must refund the EAJA fee awarded to the claimant (doc. 31, p. 2).

O'Malley points out that in this action, counsel asks the Court to subtract the EAJA fee, from the requested § 406(b) award, instead of ordering a refund.[2] Thus, O'Malley asks that "if the Court agrees to counsel's request to award a net fee rather than require counsel to refund the EAJA fee received previously, the reasonableness determination of the section 406(b) fee request must be based on the full 406(b) fees sought rather than the net fee awarded after the offset" for the EAJA fees. He asserts that "[t]o ensure consistency", the order should "distinguish between the full amount determined as reasonable under section 406(b) and the net amount." (Id.).

Title 42 U.S.C. § 406(b) governs the authorization of attorney's fees in Social Security actions in this circumstance. However, an award of fees shall not exceed twenty-five (25%) percent to be paid out of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A); Culbertson v. Berryhill, 586 U.S. 53, 59 (2019). The Supreme Court has held that "406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, 406(b) instructs courts to review for reasonableness fees yielded by those agreements." Gisbrecht v. Barnhart, 535 U.S. 789, 808–09 (2002); see also id. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.... Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). In adopting this approach, the Supreme Court rejected the Eleventh Circuit's adoption of the lodestar calculation in Kay v. Apfel, 176 F.3d 1322, 1323 (11th Cir.1999) in favor of the contingency fee approach.

---

[2]   $12,520.50 - $7,200.00 (SSA award) = $5,320.50 - $1,839.30 (EAJA) = $3,481.20.

In accord with <u>Gisbrecht</u>, the Court begins with the contingency fee agreement and should reduce the amount only upon a finding that this amount is unreasonable. The $3,481.20 requested, when combined with the SSA award of $7,200.00 and the previously awarded EAJA fee of $1,839.30, totals $12, 250.00, and does not exceed 25% of the past-due benefits awarded to Lewis. Overall, there is no evidence of fraud or ineffectiveness or that counsel delayed this action such that the past-due benefits would accrue and yield a higher award. The requested amount is not so large as to be a windfall. Considering the length of the attorney-client relationship which started in 2020, the fully favorable results obtained, the skill and experience of counsel and his willingness to accept the risk of no recovery, and the fact that Lewis agreed to a contingent fee of 25% of past due benefits, the Court finds the amount requested - $3,481.20 – is reasonable.

The typical practice may have been for counsel to refund the previously awarded EAJA fee to the client. However, the Eleventh Circuit has recognized that that approach "is not the only way to comply" with the EAJA Savings Provision, 28 U.S.C. § 2412, to prevent double recovery. <u>Jackson v. Commissioner of Soc. Sec.</u>, 601 F.3d 1268 (11th Cir. 2010). The Eleventh Circuit explained that

> Although a refund paid by the claimant's attorney directly to the claimant would comply with the EAJA Savings Provision, we are not persuaded that such a refund is the only way to comply. Again, nothing in the Savings Provision forecloses an attorney from effecting the refund by reducing his 406(b) fee request. Regardless of whether the attorney writes a refund check to his client or deducts the amount of the EAJA award from his 406(b) fee request, the purpose of the Savings Provision is fulfilled—the attorney does not get a double recovery.

<u>Jackson</u>, 601 F. 3d at 1273.

Thus, the Court finds that deducting the EAJA award from the § 406(b) fee satisfies the

4

purpose of the Savings Provision, and the deduction is approved,

    III. Conclusion

The sum of $3,481.20, which, when added to the $7,200.00 awarded by the SSA and the $1,839.30 received pursuant to the EAJA, totals $12,250.00 which is 25% of the total past-due benefits awarded to Lewis. Accordingly, the Court authorizes an award of $3,481.20 pursuant to § 406(b) as a reasonable attorney fee for services rendered before this Court .

    DONE and ORDERED this the 29th day of May 2024.

                                 s/ Kristi K. DuBose
                                 KRISTI K. DuBOSE
                                 UNITED STATES DISTRICT JUDGE